## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0331-21**<br>GPD Report Nos. 20-04885/21-14921/21-16257 |
| vs. | CRIMINAL CASE NO. **CM0100-22**<br>GPD Report No. 22-08259 |
| **KEONE JAMES PEREZ DIAZ,**<br>*aka* **Keone James Diaz**<br>DOB: 05/03/1993 | **DECISION & ORDER**<br>**RE. PEOPLE'S RESTITUTION**<br>**SUMMARY REPORT** |
| Defendant. | |

This matter came before the Honorable Alberto E. Tolentino on May 15, 2025, for a Restitution Hearing. Defendant Keone James Perez Diaz ("Defendant") was present with counsel Public Defender Earl Espiritu. Assistant Attorney General Grant Olan was present for the People of Guam ("People"). The People previously filed its Restitution Summary Report on January 4, 2022. After a few continuances, the court held a Restitution Hearing in this case on May 15, 2025. Following the Restitution Hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' oral arguments and the applicable law, the court now issues this Decision and Order **DENYING** the People's Restitution Summary Report.

\\

\\

## BACKGROUND

On November 8, 2023, the court entered the Defendant's global plea of guilty in CF0331-21 and CM0100-22 to the following offenses: CRIMINAL MISCHIEF (As a 3rd Degree Felony) and FAMILY VIOLENCE (As a Misdemeanor) in CF0331-21; and Three Counts of VIOLATION OF A COURT ORDER (As a Misdemeanor) and CRIMINAL TRESPASS (As a Misdemeanor) in CM0100-22. *See* Judgment (Mar. 22, 2024). These charges stem from events that occurred between February 16, 2020, and March 24, 2022. *See* Indictment (July 26, 2021); *see also* Magistrate's Compl. (Mar. 26, 2022).

Among other conditions in his Plea Agreement, the Defendant agreed to pay any restitution to the Victim in this case. On January 4, 2022, the People submitted its Restitution Summary Report ("Restitution Report") requesting restitution in the amount of Three Thousand Four Hundred Eighty-Five Dollars and Forty Cents ($3,485.40). *See* Rest. Summary (Jan. 4, 2022). This amount pertains to damages to a 2014 Jeep Compass belonging to one of the Victims, Monica Medina. *Id.*

On May 15, 2025, the court held a Restitution Hearing where Monica Medina testified about the incident and the restitution she is requesting as the vehicle's owner. *See generally* Rest. Hr'g Mins. at 10:07:59 – 37:36AM (May 15, 2025). Upon hearing the Victim's testimony and parties' arguments, the court then took the matter under advisement.

## DISCUSSION

Under 9 GCA § 80.50, the court may sentence a person to pay a fine or to make restitution not exceeding Five Thousand Dollars ($5,000.00) if the conviction is a felony of the third degree; and not exceeding One Thousand Dollars ($1,000.00) if the conviction is of a misdemeanor. *See* 9 GCA § 80.50(b)–(c). For "[a]ny higher amount equal to double the pecuniary gain to the

offender or loss to the victim caused by the conduct constituting the offense by the offender... the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue." 9 GCA § 80.50(e).

While the court may order the Defendant to pay restitution of up to Five Thousand Dollars ($5,000.00) for third degree felony convictions and One Thousand Dollars ($1,000.00) for misdemeanor convictions, without any specific findings, the court must make such findings for any higher amount that does not exceed double the loss to the victim or gain to the defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. The People have the burden of proving the amount of the loss by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

Based on Monica Medina's testimony and the Restitution Summary Report, the People argue that the Defendant should pay Three Thousand Four Hundred Eighty-Five Dollars and Forty Cents ($3,485.40) in restitution for the Victim's losses relating to the Defendant's felony conviction: CRIMINAL MISCHIEF (As a 3rd Degree Felony). *See* Rest. Hr'g Mins. at 10:10:32 – 32:00AM (May 15, 2025). At the Restitution Hearing, Monica Medina testified that the damages consisted of: bad dents to the vehicle's hood; damage to the dash board and shifts; and a shattered, broken-off passenger's side mirror now attached to the car using tape. *Id.* at 10:22:02 – 23:00AM. When asked why she has not paid for any of the damages to her vehicle, Medina stated that she would have been subjected to an increase on her insurance premium as well as a One Thousand Five Hundred Dollar ($1,500.00) deductible, which she could not afford out-of-pocket. *Id.* at 10:24:57 – 26:46AM.

In contrast, the Defendant argues that the costs to repair the vehicle's mirror in the amount of Two Hundred Seventy-Three Dollars and Seventy-Eight Cents ($273.78) is the proper restitution amount that the court should order. *Id.* at 10:08:43 – 10:25AM. Although Monica Medina did not personally witness the damages being done to her vehicle, the Defendant based this amount on the following facts attached to the Magistrate's Complaint, which the parties stipulated to at the Change of Plea hearing:

> He then approached the Jeep and proceeded to punch the driver side view mirror causing it to shatter. Jaenna then left Defendant's residence. The registered owners of the vehicle are Carmelino Medina and Monica Medina. A suspect check was conducted at the Defendant's residence, which is in Barrigada, but there was no one home at the residence.

> Later that same day, officers conducted a vehicle check and noted that the driver's side view mirror was shattered. The vehicle was later processed by the officers.

Magistrate's Compl., Decl. (July 7, 2021); *See* Rest. Hr'g Mins. at 10:32:01 – 37:30AM. These facts do not mention damages to a hood, wiper switch, or passenger headrest, which are additional parts and labor costs listed in the repair quote. When reviewing the quote attached to the Restitution Report, it only quantifies a total cost for labor to repair all the quoted parts; not just to repair the mirror.

Based on the Magistrate's Complaint only declaring damages to the driver side view mirror, the parties' stipulation to the factual basis of the charges the Defendant pled guilty to on November 8, 2023, and Medina not personally witnessing the Defendant causing any of the damages quoted in the Restitution Report, the court finds that the People did not prove by a preponderance of evidence that the Victim Monica Medina suffered a loss in the amount of Three Thousand Four Hundred Eighty-Five Dollars and Forty Cents ($3,485.40) from the Defendant's conduct constituting the offense of CRIMINAL MISCHIEF (As a 3rd Degree Felony). Therefore, the court denies the People's restitution request in such amount.

## CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the People's request for Restitution in the amount of Three Thousand Four Hundred Eighty-Five Dollars and Forty Cents ($3,485.40). Pursuant to 9 GCA § 80.50, the court hereby **ORDERS** that Defendant Keone Diaz pay a total restitution amount of **TWO HUNDRED SEVENTY-THREE DOLLARS AND SEVENTY-EIGHT CENTS ($273.78).**

**SO ORDERED** this _____AUG 2 5 2025_____.

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & PDSC

Date: 8/25/25 Time: 10:10

Reimita M. Lindlau
Deputy Clerk, Superior Court of Guam